UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETITION OF RJF INTERNATIONAL CORPORATION FOR EXONERATION FROM OR LIMITATION OF LIABILTY, CIVIL & MARITIME.

CIVIL ACTION
NO: 01-0588-S

**PETITIONER'S OPPOSITION TO CLAIMANT'S MOTION TO APPROVE SETTLEMENT & REQUEST FOR A HEARING**

Now comes the Petitioner, RJF International, Corp., in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and submits its Opposition to Claimant's Motion to Approve Settlement. As grounds in support thereof, the Petitioner submits the following for the Court's consideration.

**TERMS OF THE SETTLEMENT**

On the first page of her Motion to Approve Settlement, the Claimant sets forth the terms of the settlement. Although the Petitioner agrees with the majority of the listed terms, it disputes the second term that states "Payment by petitioner of all medical bills for treatment rendered to Avery up to January 23, 2005 for his incident-related injuries." On January 17 & 18, 2005, the parties attended Mediation before Attorney William Poore. At the Mediation, the Petitioner agreed to a settle this matter at the level of $5.4 million.

The Petitioner also agreed to "satisfy presently pending and previously incurred medical bills at an amount not to exceed $67,000.00."[1] Following the Mediation, the Claimant contended that the settlement included the satisfaction of any and all outstanding medical bills through the date of the Mediation. The Claimant maintained this position because the amount of outstanding medical bills at the time of the Mediation significantly exceeded $67,000.00. Over the course of the following months, the parties further discussed this matter.

The parties have resolved the outstanding medical bill issue. Nevertheless, the Petitioner raises this issue in the event that there is a dispute in the future concerning the actual terms of the settlement. The Petitions also wishes to bring to the Court's attention that there may be a dispute concerning indemnification. However, the parties are still discussing this matter.

**APPROVAL REQUESTED BY THE CLAIMANT**

On the second page of her Motion to Approve Settlement, the Claimant requests that the Court enter an Order "approving and directing the establishment of a supplemental needs trust …" for Mr. Avery pursuant to 42

---

[1] See, Paragraph No. 3 of Attorney Poore's correspondence to the parties dated January 25, 2005, which confirms the terms of the settlement agreement. This document is attached to Claimant's supporting Memorandum as Exhibit "A."

U.S.C. §1396p(d)(4)(A). It is the Petitioner's position that this Court may not have jurisdiction to approve the funding of the supplemental needs trust and terms of the trust. At the time of the incident, Mr. Avery was a resident of the State of Florida and, as a result, the Claimant was appointed Plenary Guardian of his person and property by the Circuit Court for Okaloosa County (Probate Division). Mrs. Hanna remains as guardian pursuant to the Florida Court's appointment. The issue is whether the approval and transfer of the settlement funds into the trust must be approved by a Court of jurisdiction over the guardianship?

Mr. Avery and the Claimant have been living in Massachusetts for the past year. If they intend to remain within the Commonwealth indefinitely, then a Massachusetts Probate Court would approve the trust and the transfer of the settlement, if our understanding is correct. The jurisdiction issue involving the funding of the trust should be resolved before the settlement is approved by this Honorable Court.

Finally, the Claimant requests that the Court discharge the guardian ad litem, Attorney William Poore, from any further responsibilities in this matter and order that his fees are to be paid by the Petitioner or its

insurer. The guardian ad litem was engaged by and for the benefit of the Claimant, who is receiving $5.4 million dollars in the settlement. The Petitioner has never agreed to satisfy the guardian ad litem's charges as part of the settlement.

**WHEREFORE**, the Petitioner, RJF International Corp., prays that this Court not approve the settlement until the issues raised in this Opposition are resolved in accordance with the applicable law.

The Petitioner requests a hearing on the issues raised herein.

By its attorneys,

Thomas E. Clinton
Kenneth M. Chiarello
CLINTON & MUZYKA, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108
617-723-9165

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by: hand, mail, overnight mail, facsimile, on 11/10/05